## Nugent Appeal

Before Carson, P. J., Cummins and Weiner, JJ.

*George B. Stegenga,* for appellant.

*Arnold W. Wirsch,* for defendant.

WEINER, J., February 9, 1959.—This matter comes before the court on appeal by Mildred Nugent from the decision of the Washington County Retirement Board refusing to grant her relief as the widow of Martin Nugent, deceased, under the retirement allowance pro-

vided by the Washington County Retirement Fund for the said Martin Nugent, as an employe of the county and contributor to said fund, who had reached and applied for superannuation retirement. To this appeal the county controller, as secretary of the said retirement board, has filed an answer raising questions of law and questions of fact.

A commissioner was appointed by the court to take testimony, and from that testimony it appears that Martin Nugent, in his lifetime, was employed by the County of Washington from May 1939 to the date of his retirement on January 2, 1956. He was first employed as a night watchman, and later became an assistant probation officer where he served, and served well, until his retirement. During the period of his employment, Washington County established a retirement system under the Fourth Class County Retirement Law of July 8, 1941, P. L. 298, as amended, 16 PS §11561. He thus became an original member of that system, which means that he was given credit for his years of service prior to 1945 when the retirement system was established.

Martin Nugent was born May 7, 1890, and under the Fourth Class County Retirement Law, supra, he reached superannuation retirement age on May 7, 1950. However, he continued in his employment with the county until he applied for superannuation retirement allowance on December 28, 1955, to be effective January 2, 1956, when he was in his sixty-fifth year. At that time, by his contributions to the fund accumulated by deductions from his salary, he had paid into his annuity reserve account the sum of $2,185.35. It is admitted that with the contributions made by the county to his annuity reserve account, together with regular interest thereon, all as provided by said act of assembly, his retirement allowance or actuarial equiv-

alent as it is termed, amounted to a total, at the time of his retirement on January 2, 1956, of $8,449.86.

Martin Nugent died July 29, 1957. During his lifetime he received from the retirement system a total of $1,416.40. His widow, Mildred Nugent, now claims the right to receive the difference between the aforesaid value of Martin Nugent's retirement allowance of $8,449.86, and the amount paid to him in his lifetime of $1,461.40, or $6,988.46. The county retirement board has refused payment, relying upon the alleged failure of Martin Nugent to indicate one of the options provided by the retirement act at the time he made his application for superannuation retirement.

An examination of that application does reveal that no option was indicated thereon. Contrary to the position taken by the Washington County Retirement Board, the court is of the opinion that the failure of Martin Nugent to indicate an option in his application for retirement does not permit the retirement system to be unjustly enriched to the extent of the amount claimed by the widow. It is the opinion of this court that when a member of the retirement system fails to exercise or indicate any one of the options permitted under the act in question when making application for superannuation retirement, a presumption arises that the member is presumed to, and shall be considered, as having elected option one.

The Act of June 27, 1923, P. L. 858, 71 PS §1743.1, may be considered in pari materia to the county retirement system. Section 14.2 specifically provides, that any contributor who has retired by reason of having reached superannuation retirement age, without exercising any of the options as provided in the State retirement act, shall be considered as having elected option one, which option is the same as that set forth in the Fourth Class County Retirement Law. That

this same thought was in the minds of the legislature can be seen by an examination of section 13.2 of the Fourth Class County Retirement Law, 16 PS §11575. This section provides that when any contributor is or was entitled to retire by having reached superannuation retirement age, and who shall die while in the county service before filing with the county retirement board a written application for retirement, or has died and whose payments into the fund have not been withdrawn, shall be considered as having elected option one as of the date of his death.

An examination of section 13 of the Fourth Class County Retirement Law, 16 PS §11573, provides that at the time of his superannuation retirement, any beneficiary may elect to receive either his *retirement allowance*, payable throughout his life, or to receive the full amount of the accumulated deductions standing to his individual credit in the member's reserve account at the time of his retirement. If he does not withdraw his accumulated deductions, then he may elect to receive the actuarial equivalent of his member's and county annuity with certain options. Option one provides that if he die before receiving in payments the present value of his member's annuity and county annuity as it was at the time of his retirement, i. e., his retirement allowance, the balance shall be paid to his legal representatives, or to such person having an insurable interest in his life as he shall nominate by written designation duly acknowledged and filed with the board at the time of his retirement. The wording of this option is significant. It means to this court that if the beneficiary neglects or fails to designate a beneficiary to receive the balance of his retirement allowance, then in all such cases it shall be paid to his legal representatives. It was never intended, as we have indicated above, that the member or his heirs

or beneficiary, if designated, should forfeit any balance of the actuarial equivalent of the member's annuity and county annuity, as it was at the time of his retirement, that might remain unpaid at the time of his or her death.

The Fourth Class County Retirement Law, established by our legislature, created a contract between the county and the members of that system to pay, by way of retirement allowance, additional compensation for services rendered in the past. Retirement Board of Allegheny County v. McGovern, 316 Pa. 161; Commonwealth v. Dauphin County, 335 Pa. 177.

In Dom v. State Employes' Retirement Board, 345 Pa. 489, at page 494, the Supreme Court said:

"Employment contracts containing provisions for retirement pay are liberally construed to effectuate the declared intention of the parties to pay additional compensation for services rendered in the past."

Applying this interpretation to the Washington County retirement system, and to the instant case, when Martin Nugent retired on January 2, 1956, he was entitled to additional compensation for services rendered to the county, represented by the actuarial equivalent of his member's and county annuity, admitted to be $8,449.86. When he died on July 29, 1957, after having withdrawn by way of monthly payments the sum of $1,461.40, the balance of $6,988.46 constituted an asset of his estate to which his legal representatives became entitled, under option one which is presumed to have been selected by him.

We find no merit to the legal questions raised by the controller, as secretary of the retirement board, that no appeal lies from the actions or decisions of the Washington County Retirement Board. Again adopting the principle of pari materia, we may point to The Administrative Agency Law of June 4, 1945, P. L.

1388, 71 PS §1710.1, which provides for appeals from the adjudications and orders of the State retirement board. Not to permit such an appeal as made in this case could result in a type of bureaucratic tyranny that should never be tolerated in a democracy. Unless the courts have the power to review and correct actions such as indicated by the instant case, administrative discretion could become administrative tyranny, repugnant to our whole theory of government and contrary to the basis for the creation of our judicial branch of the government as the agency for the relief of public and private wrongs.

Accordingly, in the interest of justice and fair play, and under the provisions of the Washington County Retirement Act, as we interpret it, the court will enter the following

*Order*

And now, February 9, 1959, the appeal of Mildred Nugent is sustained, the action of the Washington County Retirement Board is hereby reversed, and the board is directed to make payment to the legal representatives of Martin Nugent, deceased, of the sum of $6,988.46, representing the balance of Martin Nugent's retirement allowance in the Washington County retirement system.